**ANLIN INDUSTRIES, INC.,**
Plaintiff—Appellee,

v.

**Paul W. BURGESS, Defendant—**
Appellant.

Nos. 07–15662, 07–15663.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 26, 2008.

John G. Michael, Esquire, Baker, Manock & Jensen, Fresno, CA, for Plaintiff–Appellee.

Paul Alan Levy, Public Citizen Litigation Group, Washington, DC, Paul Burgess, Sacramento, CA, for Defendant–Appellant.

Before: GOODWIN, BEEZER and BYBEE, Circuit Judges.

MEMORANDUM [*]

Defendant–Appellant Paul Burgess ("Burgess") appeals the district court's grant of summary judgment in favor of Plaintiff–Appellee Anlin Industries, Inc. ("Anlin") on its two claims under the Anti-cybersquatting Consumer Protection Act ("ACPA"). We have jurisdiction under 28 U.S.C. §§ 1291 and 1292(a)(1). We review the district court's grant of summary judgment de novo. *See Bosley Med. Inst., Inc. v. Kremer,* 403 F.3d 672, 675–76 (9th Cir. 2005). We reverse and remand for further proceedings consistent with this memorandum.

The facts of the case are known to the parties and we do not repeat them here.

Burgess argues that he lacked a bad faith intent to profit when he continued to use the "www.anlinwindows.com" domain name over Anlin's objections. Anlin argues that Burgess willfully infringed Anlin's marks after Anlin revoked its consent and that this infringement translated into a bad faith intent to profit under the ACPA. Determining bad faith intent to profit using the nine statutory factors and the "unique circumstances of the case" is fact dependent. *See* 15 U.S.C. § 1125(d)(1)(B)(i); *Interstellar Starship Servs., Ltd. v. Epix, Inc.,* 304 F.3d 936, 946–47 (9th Cir.2002) (internal quotations omitted). The district court found numerous material facts in dispute for the period of time prior to Anlin's cease and desist letter. Many of the same disputed facts are material to determining Burgess' intent during the period of time after receiving Anlin's letter. On remand, the district court can address the factual disputes that cannot be resolved on a motion for summary judgment.

**REVERSED and REMANDED.**

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.